**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ASSURANCE COMPANY OF AMERICA; et al., <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> NATIONAL FIRE & MARINE INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 12-16715 <br><br> D.C. No. 2:09-cv-01182-JCM-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 20, 2014[**]
San Francisco, California

Before: THOMAS, Chief Judge, REINHARDT, and CHRISTEN, Circuit Judges.

This appeal arises from Plaintiffs-Appellants' ("Zurich") claim for equitable

contribution against National Fire & Marine Insurance Company. Zurich appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

several of the district court's evidentiary rulings, as well as its decision to grant

National Fire's motion for judgment on partial findings.[1]  We have jurisdiction

under 28 U.S.C. § 1291, and we affirm the district court's decisions and judgment.

1.      The district court properly denied Zurich's motion to amend its

exhibit list.  Zurich failed to demonstrate any manifest injustice or good cause for

its late request to amend the list.  *See* Fed. R. Civ. P. 16(e); D. Nev. R. 16-3(d).

The only reason Zurich provided for its late request was inadvertence.  According

to its own brief, the exhibits it wanted to add "did not alter or impact the damages

sought, but simply corroborated the sums requested."

2.      The district court properly excluded an exhibit that Zurich failed to

produce during discovery.  "If a party . . . fails to obey an order to provide or

permit discovery," the district court "may issue further just orders," including

"prohibiting the disobedient party . . . from introducing designated matters in

evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).

3.      The district court properly denied Zurich's request for judicial notice.

Zurich requested notice of entire case dockets and listed over a hundred

documents.  It did not provide the court with facts "accurately and readily

---

[1]      The parties are familiar with the facts, so we will not recount them
here.

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). It was impossible for the court to glean from Zurich's request the facts Zurich wanted it to notice.

4.     The district court improperly excluded Zurich's computerized payment ledgers based on the best evidence rule. To establish its claim for equitable contribution, Zurich needed to prove that it paid more than its fair share of defense and settlement costs that both Zurich and National Fire were obligated to cover. *See Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 77 Cal. Rptr. 2d 296, 303 (Cal. Ct. App. 1998). At trial, Zurich introduced the ledgers as proof of payment. The best evidence rule requires only that "[i]n proving the *terms of a writing, where the terms are material*, the original writing must be produced." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1986) (emphasis added) (quoting *McCormick on Evidence* § 230 at 704 (3d ed. 1984)). Because Zurich was not proving the terms of the settlement agreements, the agreements themselves were not necessary. Nor does the rule require that Zurich prove payment by introducing canceled checks, as National Fire argued. *See id.* at 1318 ("[T]he rule requires not, as its common name implies, the best evidence in every case but rather the production of an original document instead of a copy.").

3

5.     The ledgers were admissible as business records.[2]  Heidi Foote's testimony laid sufficient foundation for the admission of the ledgers.  *See* Fed. R. Evid. 803(6); *United States v. Childs*, 5 F.3d 1328, 1334 (9th Cir. 1993) ("The phrase 'other qualified witness' is broadly interpreted to require only that the witness understand the record-keeping system." (quoting *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1991) (internal quotation marks omitted)).

6.     The district court properly required foundational witnesses for the other exhibits.  Although the parties' pretrial stipulation governed the admission of Zurich's exhibits, National Fire expressly "reserv[ed] hearsay and foundation objections for trial."  Zurich therefore needed witness testimony to lay the foundation for their admissibility.  *See Orr. v. Bank of Am.*, 285 F.3d 764, 776 (9th Cir. 2002) ("[A]uthenticity concerns the genuineness of an item of evidence, not its admissibility."); Black's Law Dictionary 968 (9th ed. 2009) (defining "laying a foundation").

7.     At trial, Zurich did not introduce sufficient evidence to prove the elements of equitable contribution for the 26 construction defect claims at issue. No evidence was admitted to show that Zurich and National Fire had common

---

[2]     We grant Zurich's motion to augment the record with the ledgers. [*See* Ca9 Dkt 12]

insureds, that they covered the same risk, that Zurich paid more than its fair share of losses, or that National Fire breached its duty to defend. *See Fireman's Fund*, 77 Cal. Rptr. 2d at 303. The ledgers did not establish the elements of Zurich's case. We therefore affirm the district court's judgment because its erroneous evidentiary ruling resulted in no prejudice. *See City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (9th Cir. 1995) ("Reversal will not be granted unless prejudice is shown." (citing *Glover v. BIC Corp.*, 6 F.3d 1318, 1328 (9th Cir. 1993))).

**AFFIRMED.**